NOT DESIGNATED FOR PUBLICATION

No. 115,395

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SEAN PATRICK TREMAIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; ROBERT W. FAIRCHILD, judge. Opinion filed December 16, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Sean Patrick Tremain appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Tremain's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On September 18, 2014, Tremain pled no contest to one count of possession of methamphetamine. On November 13, 2014, the district court sentenced Tremain to 17 months' imprisonment but granted probation with community corrections for 18 months.

At a hearing on August 14, 2015, Tremain stipulated to violating the conditions of his probation on numerous grounds, including failing to report to his probation officer

1

and failing to abstain from the use of illegal drugs. Citing a previous probation violation and Tremain's failure to attend any drug treatment classes, the district court found that Tremain's welfare would not be served by reinstating probation and imposed the underlying sentence. Tremain timely appealed.

On appeal, Tremain argues that the district court erred in revoking his probation. Specifically, he argues that sanctions remained an available option in lieu of revocation.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2015 Supp. 22-3716(c)(8) provides that the district court may revoke probation without having previously imposed a sanction if the court finds and sets forth with particularity that the welfare of the offender will not be served by such sanction. Here, the district court found that Tremain's welfare would not be served by reinstating probation because this was a drug case and Tremain was refusing to attend any drug treatment classes. Tremain does not offer any argument to challenge the sufficiency of the district court's finding even though the burden is on Tremain to show an abuse of discretion. See *Stafford*, 296 Kan. at 45. The district court's decision to revoke Tremain's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court

2

did not abuse its discretion in revoking Tremain's probation and ordering him to serve his underlying prison sentence.

Affirmed.